*235
 
 MARION F. EDWARDS, Judge.
 

 | ¿This is defendant-appellant’s (Kelly Riviere) (hereinafter “defendant”) second appeal. Defendant was charged with unauthorized entry of an inhabited dwelling in violation of LSA-R.S. 14:62.3. She was tried by a jury and found guilty as charged on May 8, 2007. On May 30, 2007, defendant was sentenced to serve eight years at hard labor. Also on that day, the State filed a multiple offender bill of information. Defendant submitted an unsigned
 
 pro se
 
 motion for appeal. On June 18, 2007, the trial court allowed-defendant thirty days to resubmit a signed motion for appeal. A motion for appeal was filed and granted on June 29, 2007.
 

 Subsequently, the trial court, on its own motion, reconsidered the sentence and ruled that it was illegally excessive. Accordingly, on August 29, 2007, the court vacated the eight-year sentence and imposed a four-year sentence.
 
 [1]
 
 The Rmatter came before this Court on appeal.
 
 [2]
 
 On appeal we affirmed the conviction and remanded the matter to the trial court for the limited purpose of correcting discrepancies between the transcript and the commitment.
 
 [3]
 

 In the course of these proceedings, the State has filed three multiple offender bills of information. The first bill, filed on May 30, 2007, charged defendant with being a fourth felony offender; the second bill, on October 29, 2007, reduced the charge to a third felony offender; and the final one, on March 31, 2008, alleged defendant was a second felony offender. The trial court took up the charges on the third multiple bill on March 31, 2008. At that hearing, defendant admitted her status as a second felony offender. The trial court vacated the previous sentence and re-sentenced defendant to twelve years at hard labor pursuant to LSA-R.S. 15:529.1.
 
 [4]
 
 The sentence was ordered to run concurrent with another one imposed in a separate criminal matter. An appeal from that judgment was granted.
 

 The facts of this case were set forth in the prior appeal and will not be repeated herein.
 
 [5]
 

 Defendant has received the assistance of the Louisiana Appellate Project in this appeal. Appointed defense counsel has certified to this Court that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, defense counsel has filed a motion to withdraw as counsel of record.
 

 Appointed counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.
 
 [6]
 
 The request
 
 *236
 
 must |4be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination of whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 [7]
 

 Additionally, when conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 [8]
 
 If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 [9]
 

 In her brief to this Court, defense counsel points out that there is no ruling of the trial court to challenge since defendant admitted to the allegations of the multiple offender bill of information as part of a plea agreement. Further, counsel shows that the trial court performed a complete colloquy to assure the plea was made with all constitutional considerations. Counsel also states that, after considering a claim of excessiveness of sentence, she was compelled to conclude such a claim would be frivolous.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. If a defendant pleads Ifiguilty, she normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 [10]
 
 An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing.
 
 [11]
 

 Further, a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 
 [12]
 
 This Court has consistently recognized that a defendant is precluded from seeking review of an enhanced sentence to which the defendant agreed.
 
 [13]
 

 In the present case defendant was advised of, and indicated she understood, the sentence she would receive if she stipulated to the multiple bill. After stipulating to the multiple bill, a sentence was imposed in conformity with her plea agreement. Because defendant’s sentence is within the sentencing range and was imposed pursuant to a plea agreement, the
 
 *237
 
 sentence presents no non-frivolous issues to raise on appeal. Further, by stipulating to the multiple bill, defendant waived her right to a hearing and any possible non-jurisdictional defects were waived. She is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing.
 
 [14]
 

 Because defendant’s counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of |6the record supports counsel’s assertion, appellate counsel’s motion to withdraw as attorney of record is hereby granted.
 

 In accordance with the normal procedure of criminal cases in this procedural posture, this Court sent defendant a letter by certified mail informing her that an
 
 Anders
 
 brief had been filed and that she could file a
 
 pro se
 
 supplemental brief. Defendant filed a
 
 pro se
 
 supplemental brief in this matter asserting the district court lacked jurisdiction to sentence appellant twice for the same offense, resulting in an illegal sentence.
 

 Defendant claims that a formal habitual offender hearing was held on January 29, 2008, and she was found guilty. She further asserts that her four-year sentence was vacated and she was re-sentenced to six years. Thereafter, her six-year sentence was vacated and the twelve-year enhanced sentence was imposed. Defendant concedes that the court had jurisdiction to vacate the four-year sentence and then re-sentence her as a habitual offender but argues it had no jurisdiction to vacate the four-year term and re-sentence her to six years and then vacate the six-year sentence and impose the habitual offender sentence. As such, she concludes her twelve-year enhanced sentence is illegal.
 

 The record before us does not show that a six-year sentence was ever imposed. Defendant was originally sentenced to eight years. That sentence was vacated as illegally excessive, and defendant was re-sentenced to a four-year term. Regardless of whether another sentence was imposed, the record clearly shows that, on March 31, 2007, defendant pled guilty to the multiple offender bill as part of a plea bargain encompassing two criminal cases and, after the vacation of the prior sentence, an enhanced sentence was imposed as a result of the guilty plea. We find no merit in defendant’s assignment of error.
 

 17Pefendant requests an error patent review. However, this Court routinely reviews the record for errors patent regardless of whether defendant makes such a request.
 
 [15]
 

 Defendant received an errors patent review on her original appeal.
 
 [16]
 
 She is now only entitled to an errors patent review of the habitual offender proceedings.
 
 [17]
 
 Our review reveals no errors patent on the record in this case.
 

 For the foregoing reasons, defendant’s status as a multiple offender and the enhanced sentenced imposed as a result of that status are affirmed. Defense counsel’s motion to withdraw as counsel of record is granted.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . There is a minute entry dated January 29, 2008 that indicates defendant was tried before the bench and found guilty on the charge of unauthorized entry. The minute entry also incorrectly shows that the eight-year sentence was vacated on May 30, 2007 and that a new sentence of four years was imposed on January 29, 2008.
 

 [2]
 

 .
 
 State v. Riviere,
 
 08-105 (La.App. 5 Cir. 5/27/08), 986 So.2d 768.
 

 [3]
 

 .
 
 Id.
 

 [4]
 

 . The plea agreement also included a guilty plea to a separate crime of second degree robbery for which defendant received a fifteen-year sentence. The State agreed not to file a multiple bill in that case.
 

 [5]
 

 .
 
 See, State v. Riviere, supra.
 

 [6]
 

 . Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The procedure for compliance with
 
 Anders
 
 was set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir. 1990), and sanctioned in
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176, 1177
 
 (per curiam
 
 ), and adopted by this Court in State
 
 v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 S.2d 1108, 1110-11.
 

 [7]
 

 .
 
 McCoy v. Court of Appeals of Wis., Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 [8]
 

 .
 
 State v. Bradford,
 
 676 So.2d at 1110.
 

 [9]
 

 .
 
 Id.
 

 [10]
 

 .
 
 State v. Wingerter,
 
 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664-65.
 

 [11]
 

 .
 
 State v. Schaefer,
 
 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
 

 [12]
 

 . LSA-C.Cr.P. art. 881.2 A(2).
 

 [13]
 

 .
 
 State v. Moore,
 
 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46.
 

 [14]
 

 .
 
 See, State v. Schaefer, supra.
 

 [15]
 

 . LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir. 1990).
 

 [16]
 

 .
 
 See, State v. Riviere, supra.
 

 [17]
 

 .
 
 See, State v. Yrle,
 
 05-202 (La.App. 5 Cir. 10/6/05), 916 So.2d 1197, 1200.