CLARENCE E. McMANUS, Judge.
 

 IsSTATEMENT OF THE CASE
 

 The defendant, Julio Otero, was convicted of one count of armed robbery, in violation of LSA-R.S. 14:64, and sentenced to thirty-five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. In addition, the trial judge imposed an enhancement of five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence pursuant to LSA-R.S. 14:64.3 because the armed robbery was committed with a dangerous weapon.
 

 This is the second appeal brought by the defendant. In his previous appeal, this Court found that the enhancement imposed by the trial court was ordered to be served at hard labor even though, at the time of the commission of the crime in 2005, LSA-R.S. 14:64.3 did not include a provision that the sentence be served at hard labor.
 
 State v. Otero,
 
 08-188 (La.App. 5 Cir. 12/16/08), 3 So.3d 34. This Court noted that hard labor was not included in the statute until the revision in 2006. This Court affirmed in part, vacated in part, and remanded the case for resen-tencing.
 
 Id.
 

 |sAfter the defendant’s appeal was filed and prior to this Court’s opinion, the State filed a multiple bill alleging that the defendant was a fourth felony offender. The defendant denied the allegations in the multiple bill. Subsequently, the State amended the multiple bill and alleged the defendant to be a third felony offender. The State filed an amended multiple bill alleging the defendant to be a third felony offender based on two predicate convictions: (1) a September 7, 2004 guilty plea to criminal damage of over $500.00 in case # 04-4811 in Jefferson Parish; and (2) a July 16, 1997 guilty plea to possession of cocaine in case # 97-2505 and to simple burglary of an inhabited dwelling in case # 96-930, both in Jefferson Parish.
 

 The defendant filed a motion to quash the multiple bill. At the hearing on the motion to quash, the defense stipulated that the defendant was the same person referenced in the multiple bill of information. On the same day, a multiple bill hearing was held and the defendant stipulated that he was the same person referenced in the State’s multiple bill. However, the defense ai'gued that the defendant’s two 1997 guilty pleas were entered into on the same day and counted as one offense. The defense also argued that the defendant was not advised of his
 
 Boykin
 
 right to cross-examine his accusers pursuant to LSA-C.Cr.P. art. 556.1, during his 1997 plea. The State agreed that based upon the law at the time, the defendant’s two pleas in 1997 counted as one conviction. The State agreed that the defendant was only being charged as a third felony offender. The State further argued that there was no case law requiring that the defendant had to be advised about cross-examination. Rather, the defendant only had to be advised of his right to confront his accusers.
 

 The trial court denied the motion to quash and found the defendant to be a third felony offender. After the defendant waived all delays and upon finding the defendant to be a third felony offender, the
 
 *1129
 
 trial judge sentenced the defendant to |,,66 years with the Department of Corrections to be served without the benefit of parole, probation, or suspension of sentence. The defendant takes this timely appeal solely on his multiple offender adjudication.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 The defendant argues that the trial court erred by failing to find that the predicate convictions in the multiple bill of information failed to comply with the requirements of La.C.Cr.P. art 556.1. The defendant claims that his two 1997 predicate offenses used to find him a third felony offender were not valid guilty pleas. The defendant contends that his
 
 Boykin
 
 colloquy in both cases did not advise him of his right to cross-examine the witnesses against him pursuant to LSA-C.Cr.P. art. 556.1.
 

 The State argues in opposition that it met its burden of proving that the defendant’s prior guilty pleas were informed and voluntary. The State contends that the trial court in those cases advised the defendant of the three
 
 Boykin
 
 rights: the right to trial by jury, the privilege against self-incrimination, and the right to confrontation. The State argues that the right to cross-examine witnesses is incorporated in the right to confrontation.
 

 On appeal, the defendant only challenges the validity of the two 1997 guilty pleas. When the defendant’s multiple offender status is based on guilty pleas in the predicate convictions, the State has the burden of proving the existence of the defendant’s guilty pleas and that the defendant was represented by counsel when the guilty pleas were taken.
 
 State v. Jenkins,
 
 07-586 at 4-5, 977 So.2d at 147.
 
 See also, State v. Shelton,
 
 621 So.2d 769, 774-77 (La.1993). If the State meets its burden of proof, then the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity.
 
 Id.
 
 If the defendant meets the burden, then the burden shifts back to the State to [ ¡¡prove the constitutionality of the plea by producing a perfect transcript, which shows the defendant’s waiver of his
 
 Boykin
 
 rights was voluntary, informed, and express.
 
 Id.
 
 If the State produces anything less than a perfect transcript, such as a guilty plea form, minute entry, or imperfect transcript, the trial judge must weigh the evidence to determine whether the defendant’s prior plea was both knowing and voluntary.
 
 Id.
 

 In
 
 State v. Smallwood,
 
 06-2363 (La.5/18/07), 955 So.2d 1264 and
 
 State v. Mendenhall,
 
 06-1407 (La.12/8/06), 944 So.2d 560, the Louisiana Supreme Court noted that the language used in the trial judge’s statement, informing the defendant that the State would have to prove its ease beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the State’s witnesses at a trial, appeared sufficiently tailored to inform the adult defendants that they were waiving their right to confrontation and that, because they were pleading guilty, there would be no further trial.
 

 In this case, the defendant stipulated that he was the same person who pled guilty to the predicate offenses listed in the multiple bill. However, the defendant claims that the two 1997 predicate convictions, 96-930 and 97-2505, were infirm because he was not advised of his right to cross-examine the witness against him as required by LSA-C.Cr.P. art. 556.1(A)(3).
 

 We find the State met the burden of proving the existence of the defendant’s guilty pleas and that the defendant was represented by counsel when the guilty pleas were taken. The State produced the
 
 *1130
 
 “Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty” forms signed by the defendant, defense counsel, and the trial judge, as well as the bill of information and commitment/minute entry in both cases. The burden then shifted |fito the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity.
 

 The defendant has failed to show either that his rights were infringed or that there was a procedural irregularity in either 1997 guilty plea. The “Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty” forms in both cases indicate that both the trial court and the defense attorney advised the defendant of his right to confront his accusers. The Confrontation Clause of the Sixth Amendment to the United States Constitution, which guarantees the right of the accused in a criminal prosecution to be confronted with witnesses against him “encompasses the right physically to face those who testify against him, and the right to conduct cross-examination.”
 
 State v. Pierre,
 
 03-1306, p. 8 (La.App. 5 Cir. 2/23/04), 869 So.2d 206, 212,
 
 writ denied,
 
 04-959 (La.10/1/04) 883 So.2d 1006. In addition, the confrontation clause of the Louisiana Constitution Article I, Section 16, specifically affords the accused a right to cross-examine the witnesses against him.
 
 Id.
 
 The Louisiana Supreme Court has held that
 
 Boykin
 
 does require a “magic word formula” for a trial judge to conduct a thorough inquiry into the validity of a plea. We find that in advising the defendant of his constitutional right to confrontation codified in LSA-C.Cr.P. art. 556.1(A)(3), the trial court sufficiently apprised the defendant of the encompassing rights to physically face those who testify against him and to conduct a cross-examination of those adverse witnesses.
 

 In the present case, both 1997 guilty plea forms indicated that the defendant was represented by counsel, that he was advised of and waived his three
 
 Boykin
 
 rights, and that he was informed of the maximum total sentence he would .receive based on the pre-sentence investigation. We find that the trial court did not err in its determination that the defendant’s guilty pleas in the predicate offenses were ^constitutionally valid. Therefore, we find the predicate offenses were properly used to prove the defendant’s status as a multiple felony offender. Accordingly, the trial court’s finding that defendant is a third felony offender is affirmed.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 Next, the defendant argues the trial court erred by imposing an unconstitutionally excessive sentence and failing to comply with the requirements of La. C.Cr.P. art. 894.1.
 

 First, we note the original record reflected that the defendant filed a timely motion for reconsideration of his sentence. The original record did not indicate the trial court ruled on the motion for reconsideration nor was the original record supplemented. On September 29, 2009, this Court ordered the Clerk of Court for the 24th Judicial District Court, Parish of Jefferson, State of Louisiana to supplement the record with the trial court’s ruling on the Motion to Reconsider Sentence on or before the 7th day of October 2009. On September 30, 2009, the trial court denied the defendant’s motion to reconsider sentence.
 

 In this assignment of error, the defendant claims that his multiple offender sentence of 66 years at hard labor without the benefits of parole, probation, or suspension
 
 *1131
 
 of sentence is constitutionally excessive because he has no prior convictions for crimes of violence and no one was injured during the commission of the offense. In addition, the defendant claims the trial court failed to comply with the requirements of LSA-C.Cr.P. art. 894.1.
 

 The State argues in opposition that the defendant has failed to demonstrate that his mandatory minimum multiple offender sentence is constitutionally excessive. The State notes that the defendant was not charged for at least one battery associated with this incident in which he was armed with a dangerous weapon and engaged in conduct that presented a risk of great bodily harm or death |sto several individuals present during his commission of the offense. The State also claims that the trial court was not required to comply with LSA-C.Cr.P. art. 894.1 because the minimum mandatory sentence imposed was statutorily prescribed under the Habitual Offender Law.
 

 The Eighth Amendment to the United States Constitution and the Louisiana Constitution Article I, § 20 prohibit the imposition of excessive punishment.
 
 State v. Johnson,
 
 03-620, p. 14 (La.App. 5 Cir. 10/28/03), 860 So.2d 180, 189,
 
 writ denied,
 
 03-3171 (La.3/19/04), 869 So.2d 849. “A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.”
 
 Id.
 
 A mandatory minimum sentence under the Habitual Offender Law is presumed to be constitutional.
 
 Id.
 
 Nevertheless, if the trial court finds that an enhanced punishment mandated by LSA-R.S. 15:529.1 makes no measurable contribution to acceptable goals of punishment or that the imposed sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime, the trial judge has both the option and duty to reduce such a sentence to one that would not be constitutionally excessive.
 
 State v. Johnson,
 
 03-620 at 14, 860 So.2d at 189-90, citing
 
 State v. Dorthey,
 
 623 So.2d 1276, 1280 (La.1993).
 

 A trial court may only depart from the mandatory sentence if he finds clear and convincing evidence that would rebut the presumption of constitutionality.
 
 State v. Johnson,
 
 03-620 at 14, 860 So.2d at 190. The burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional because of unusual circumstances and that the sentence is not meaningfully tailored to his culpability as the offender, the gravity of the offense, and the circumstances of the ease.
 
 Id.
 
 The Louisiana Supreme Court has found that ^downward departures from the mandatory minimum sentences should be made only in rare cases.
 
 State v. Johnson,
 
 03-620 at 15, 860 So.2d at 190.
 

 As a third felony offender, for an underlying felony conviction punishable by imprisonment for any term less than his natural life, the defendant was subject to a sentence of not less than two-thirds of the longest term and not more than twice the longest term.
 
 See, State v. Johnson,
 
 03-620 at 15, 860 So.2d at 190 citing LSA-R.S. 15:529.1(A)(l)(b)(i). The term of imprisonment for an armed robbery conviction is not less than ten nor more than 99 years of imprisonment at hard labor without benefit of probation, parole or suspension of sentence. LSA-R.S. 14:64(B). Therefore, as a third felony offender convicted of armed robbery, the defendant faced a sentencing range between 66 and 198 years of imprisonment at hard labor.
 
 State v. Johnson,
 
 03-620 at 15, 860 So.2d at 190. The defendant does not even acknowledge that he received the mandatory minimum sentence, which he did. The defendant claims that his sentence is un
 
 *1132
 
 constitutionally excessive because no one was hurt during the commission of his offense and he did not previously commit a crime of violence.
 

 In
 
 State v. Johnson, supra,
 
 the defendant claimed that his mandatory minimum 66 year sentence as a third felony offender was constitutionally excessive.
 
 State v. Johnson,
 
 03-620 at 14, 860 So.2d at 189. This Court noted that, on appeal, the defendant did not acknowledge that he received the mandatory minimum sentence and did not offer any reason to support his allegation that the sentence is excessive.
 
 State v. Johnson,
 
 03-620 at 19, 860 So.2d at 190. In addition, this Court noted that the defendant did not make any argument at the sentencing hearing or in his motion to reconsider sentence to rebut the presumption of the constitutionality of the mandatory minimum 66 year enhanced sentence.
 
 Id.
 
 | inThis Court found that the trial judge did not err in sentencing the defendant to 66 years.
 
 Id.
 

 We find this case to be very similar to
 
 State v. Johnson, supra.
 
 In this case, the defendant received the mandatory minimum sentence and has not shown that he is exceptional because of unusual circumstances and that his sentence is not meaningfully tailored to his culpability as the offender, the gravity of the offense, and the circumstances of the case. Even though no one was injured during the defendant’s commission of the armed robbery, a crime of violence, the State obviously proved the defendant used force or intimidation while armed with a dangerous weapon, which are elements of the offense. LSA-R.S.14:64. In addition, this Court has found that the Habitual Offender Statute considers the non-violent nature of predicate offenses and, therefore, does not alone justify rebutting the presumption of constitutionality.
 
 State v. Neal,
 
 00-41, p. 1 (La.App. 5 Cir. 5/30/00), 762 So.2d 281, 287.
 

 Finally, for the first time on appeal, the defendant claims the trial court failed to comply with the requirements of LSA-C.Cr.P. art. 894.1. However, the defendant’s ai'gument concerning sentencing guidelines in LSA-C.Cr.P. art. 894.1 is misplaced. Compliance with sentencing guidelines pursuant to LSA-C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law.
 
 State v. Jenkins,
 
 07-586 at 6, 977 So.2d at 148.
 

 Therefore, we affirm the defendant’s multiple offender enhanced sentence of sixty-six years without the benefit of parole, probation or suspension of sentence.
 

 ERROR PATENT DISCUSSION
 

 This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). However, since the defendant |nreceived an errors patent review on his original appeal, he is now only entitled to an errors patent review of the multiple offender proceedings.
 
 State v. Riviere,
 
 08-509, p. 7 (La.App. 5 Cir. 2/25/09), 9 So.3d 233, 237. We note one error for review.
 

 The multiple offender commitment/minute entry and the multiple offender sentencing transcript are inconsistent. The multiple offender commitment/minute entry has a clerical error indicating that the defendant was informed of his
 
 Boykin
 
 rights. However, the transcript shows the defendant did not enter a plea of guilty to the multiple bill, and therefore, was not informed of his
 
 Boykin
 
 rights.
 

 This Court has previously found that even though clerical errors in the commitment that do not cause prejudice to a defendant’s rights do not merit reversal, the errors should be amended.
 
 State v.
 
 
 *1133
 

 Delagardelle,
 
 06-898, p. 11 (La.App. 5 Cir. 4/11/07), 957 So.2d 825, 832,
 
 writ denied,
 
 07-1067 (La.11/21/07), 967 So.2d 1154. Therefore, we remand the matter for correction of the multiple offender commitment/minute entry to reflect that the defendant was not informed of his
 
 Boykin
 
 rights in this matter.
 
 Id.
 

 MULTIPLE OFFENDER FINDING AND SENTENCE AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.