JUDE G. GRAVOIS, Judge.
| ^Defendant, Michael P. Long, appeals his multiple offender sentence for armed robbery, arguing that it is excessive. For the following reasons, we affirm defendant’s multiple offender sentence and remand the matter to the trial court for correction of an error patent as noted herein.

PROCEDURAL HISTORY

This is defendant’s second appeal. In the first appeal, State v. Long, 11-313, 11-314 (La.App.12/13/11), 81 So.3d 875, writ denied, 12-0251 (La.8/22/12), 97 So.3d 367, this Court affirmed defendant’s conviction for armed robbery, but vacated his multiple offender sentence of 99 years, finding that it was indeterminate because the trial court failed to impose the mandatory five-year firearm enhancement sentence required by LSA-R.S. 14:64.3. This Court remanded the case to the trial court for *1138 resentencing, pretermitting discussion of ^defendant’s assignment of error that his sentence was constitutionally excessive, and reserving his right to appeal the newly imposed sentence.
On remand, the trial court again sentenced defendant to 99 years imprisonment at hard labor as a third felony offender, to be served without the benefit of parole, probation, or suspension of sentence. The trial court further sentenced defendant under the firearm enhancement statute, LSA-R.S. 14:64.3, to an additional five-year term of imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence, to be served consecutively to his 99-year sentence. Although defendant objected to the harshness of the newly imposed sentence, the objection was denied. Defendant now appeals, arguing that his habitual offender sentence is excessive.

FACTS

The facts of the offense were detailed in this Court’s previous opinion, State v. Long, supra, and are not reiterated here.

COUNSELED ASSIGNMENT OF ERROR

Defendant contends that although his 99-year sentence is less than the maximum 198 years that could have been imposed, and falls within the sentencing range for a third felony offender, it is nevertheless excessive. Defendant further suggests that the trial court failed to articulate the reasons for its sentence as required by the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. Defendant also asserts that the trial court considered incorrect facts from the trial in the original sentencing, and, more particularly, it erred in considering co-defendant Patterson’s actions as sentencing factors for defendant’s sentence.
I/The State responds that defendant did not file a motion to reconsider sentence pursuant to LSA-C.Cr.P. art. 881.1,[1] limiting this Court’s review of his sentence for constitutional excessiveness only. The State notes that defendant’s sentence is not excessive because it is one-third of the maximum penalty that he could have received; the trial court considered defendant’s felony record and the facts of the case; and the sentence imposed was not outside the bounds of the statute. Additionally, the State asserts that other courts have upheld the constitutionality of similar sentences with like circumstances, citing State v. Howard, 43-227 (La.App. 2 Cir. 6/11/08), 987 So.2d 330, writ denied, 08-1608 (La.4/3/09), 6 So.3d 766.
On August 23, 2010, defendant was originally sentenced to 99 years at hard labor, without the benefit of parole, probation or suspension of sentence. At the sentencing hearing, and after providing a detailed overview of the testimony adduced at trial, the trial court stated:
The Court heard your testimony; the jury heard it, but rejected it. The (sic) found you guilty of armed robbery.
The Court, in its considerations, has considered the sentencing guidelines, the Code of Criminal Procedure Article 894.1, and it is this Court’s belief that you did, in fact, commit this armed robbery, that you did it to people that you knew and that you’d been in contact with.
*1139 And that I believe under 894.1(A)(1) that there is an undue risk that during the period of a suspended sentence or probation, the defendant will commit another crime; two, the Defendant is in need of a correctional treatment or custodial environment that can be provided most effectively by his commitment to an institution; and three any lesser sentence will deprecate the seriousness of this offense; and also under (b)(1), the offender’s conduct during the commission of the offense manifests a deliberate cruelty to the victim or victims, and that there were threats during the commission of this offense, and that the offender used a dangerous weapon in the commission of the offense.
| Jt’s going to be the sentence of this Court, based on your conduct and threats that were made to the victims in which they testified that they feared for their lives, and based on your testimony and the Court’s knowledge of your prior criminal history, I took that into account.
I don’t like armed robbery, Mr. Long. I don’t like it [at] all. I especially don’t like it in a situation where, although you may not have a had a dangerous weapon, because we saw the gun that came into Court, your co-perpetrator came in with a loaded weapon, stole X amount of dollars out of this place, and these were people that you knew, you terrorized the people, you didn’t have to.
Defendant objected to the excessiveness of his sentence, to which the trial court replied: “the Court doesn’t feel it is excessive based on his extensive criminal history, and based on the offense that he used his knowledge to gain entrance into a locked bar, in that particular residence, and used a co-perpetrator, who was a juvenile, to come in behind him with a loaded weapon to terrorize two people that he knew in a bar, and bring the bartender in the back at gunpoint, his co-perpetrator, to steal, and flee.” Defendant’s original sentence was later vacated and defendant was re-sentenced as a third felony offender to 99 years imprisonment, to which he objected.
On remand, the trial court again re-sentenced defendant to 99 years imprisonment, plus an additional five-year consecutive sentence for the firearm enhancement under LSA-R.S. 14:64.3.[2] Defendant objected to the imposition of a harsher sentence than that originally imposed by the court. The trial court responded that defendant was a three-time felony offender and could have been sentenced to 297 years, but that the court chose to sentence him on the “low end.”
Now, for the first time on appeal, defendant suggests that the trial court did not comply with the sentencing guidelines. Defendant’s argument, however, has no merit. Compliance with the sentencing guidelines pursuant to LSA-C.Cr.P. art. |fi894.1 is not required when the sentence imposed is statutorily prescribed under the Multiple Offender Law. State v. Howard, 10-541, p. 11 (La.App. 5 Cir. 4/26/11), 64 So.3d 377, writ denied, 11-1073 (La.12/2/11), 76 So.3d 1173. Further, defendant did not file a motion to reconsider sentence. Accordingly, defendant is limited to a review of his habitual offender sentence for constitutional excessiveness only. See State v. Mason, 10-284, p. 11 (La.App. 5 Cir. 1/11/11), 59 So.3d 419, 427, writ denied, 11-0306 (La.6/24/11), 64 So.3d 216; LSA-C.Cr.P. art. 881.3.
*1140 The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. Nguyen, 06-969, p. 5 (La.App. 5 Cir. 4/24/07), 958 So.2d 61, 64, writ denied, 07-1161 (La.12/7/07), 969 So.2d 628. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. Nguyen, 06-969 at 5-6, 958 So.2d at 64.
According to LSA-C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice, while recognizing the trial court’s wide discretion. Nguyen, 06-969 at 6, 958 So.2d at 64. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Allen, 03-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 880 (citation omitted). However, there is no requirement that specific matters be given any particular |7weight at sentencing. State v. Tracy, 02-0227 (La.App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La.4/4/03), 840 So.2d 1213 (citation omitted).
The Louisiana Supreme Court has recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. State v. Taylor, 06-889 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, 27, writ denied, 06-0859 (La.6/15/07), 958 So.2d 1179. In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is “exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” Id. at 28. Downward departures from the minimum sentence mandated by LSA-R.S. 15:529.1 should only occur in rare situations. When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender Law, which are to deter and punish recidivism. Taylor, 06-839, 956 So.2d at 28.
Here, defendant was convicted of armed robbery with a firearm, which carries a penalty of imprisonment at hard labor for not less than 10 and not more than 99 years without the benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64(B). In the present case, the State also invoked the firearms sentencing provision of LSA-R.S. 14:64.3. That statute provides for an additional five years of imprisonment at hard labor without benefits, to be served consecutively to the sentence imposed for the commission of the armed robbery, when the offender commits the armed robbery with a firearm. State v. Hartwell, 03-1214, p. 11 (La.App. 5 Cir. 1/27/04), 866 So.2d 899, 906, writ denied, 04-448 (La.6/25/04), 876 So.2d 832. Defendant was also adjudicated a third felony ^offender, which mandates a sentence of imprisonment for not less than two-thirds of the longest possible sentence for the underlying conviction and not more than twice the longest possible sentence prescribed for a first conviction. LSA-R.S. 15:529.1(A)(3). Therefore, defendant’s possible sentence ranged from 66 *1141 years to 20B[3] years. Defendant’s sentence of 104 years falls well within the sentencing limits prescribed by the statute. State v. Otero, 09-468, p. 9 (La.App. 5 Cir. 1/26/10), 31 So.3d 1125, 1131, writ denied, 10-0489 (La.9/24/10), 45 So.3d 1072.
In reviewing the judge’s habitual offender sentencing discretion, the record reflects that defendant has an extensive criminal history, including convictions for possession of marijuana, possession of stolen property over $500, simple escape, possession of a weapon, and possession of marijuana.
Moreover, as the State points out, the sentence is supported by comparison. See State v. Carter, 570 So.2d 234, 235 (La.App. 5 Cir.1990), where this Court upheld the defendant’s 99-year sentence as a third felony offender, finding that the defendant, who had an extensive criminal history and propensity for felonious behavior, placed the victim in fear of his life; and State v. Armstrong, 95-1665, p. 1 (La.App. 3 Cir. 10/11/96), 683 So.2d 1261, 1264, writ denied, 97-0596 (La.9/5/97), 700 So.2d 505, where the court upheld the sentence of the defendant, with prior robbery convictions, who was convicted of armed robbery and was sentenced as a habitual offender to a term of 99 years even though there was no injury to the victim. See also State v. Bruce, 10-121, p. 18, (La.App. 5 Cir. 11/9/10), 54 So.3d 87, 97-98, where this Court, citing similar cases, upheld the defendant’s 100-year sentence as a second felony offender after considering the defendant’s extensive criminal history and propensity for felonious behavior, and the fact that the | defendant entered the victim’s home at night, threatening the victim’s life through the use of a knife.
Accordingly, we find that defendant has failed to rebut the presumption of constitutionality of the imposition of the 104-year habitual offender sentence in the instant case. Considering that the record reflects defendant’s extensive and continual criminal history, and that the nature of the instant offense was very serious, we find that the trial judge did not abuse his wide discretion in sentencing defendant to 99 years as a third felony offender, plus an additional consecutive five years for the firearm enhancement, for a total of 104 years.

PRO SE ASSIGNMENT OF ERROR

In his only pro se assignment of error, defendant argues that “there lies an instance of redundancy by the District Court in rarely reestablishing its’ [sic] original sentence as before during resentencing.”
It appears that defendant is arguing that the trial court erred in re-sentencing him under the multiple offender statute to the same 99-year sentence originally imposed prior to remand. Defendant seems to argue that by sentencing him to 99 years imprisonment, the trial court neglected to follow this Court’s remand order, which defendant believes ordered the trial court to resentence him because this Court found his sentence to be excessive. Due to this Court’s alleged finding of ex-cessiveness, defendant argues that the trial court knew that it could not enhance his sentence, but did so anyway, rendering his sentence again indeterminate.
Defendant has misinterpreted this Court’s opinion and remand order. In his previous appeal, this Court pretermitted discussion regarding defendant’s claim that his 99-year sentence was excessive, due to this Court’s finding that defendant’s *1142 habitual offender sentence was indeterminate. Because this Court did |10not make a finding in the first appeal that defendant’s sentence was excessive, defendant’s pro se assignment of error is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Defendant is not entitled to a second errors patent review of his underlying conviction and sentence; however, the record on appeal regarding defendant’s habitual offender re-sentencing was reviewed for errors patent and one error requiring correction was found.[4]
A review of the record in this case reveals an error in the “State of Louisiana Uniform Commitment Order.” The Uniform Commitment Order reflects a harsher sentence than that imposed by the trial court. In the instant case, the minute entry and sentencing transcript are consistent. Both reflect that defendant was sentenced to 99 years imprisonment at hard labor, to run consecutively to the five-year firearm enhancement at hard labor, for a total of 104 years imprisonment, without benefits. However, the Uniform Commitment Order is inconsistent with the minute entry and sentencing transcript. It indicates that defendant’s total length of incarceration is 198 years.
Accordingly, we remand this case for correction of the Uniform Commitment Order error regarding the noted total length of incarceration. We further direct the trial court to make the appropriate entries on the Uniform Commitment Order reflecting this change and direct the Clerk of Court to transmit the original of the Uniform Commitment Order to the officer in charge of the Ininstitution to which defendant has been sentenced and the Department of Correction’s Legal Department. See LSA-C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

CONCLUSION

For the foregoing reasons, defendant’s multiple offender sentence is affirmed. This matter is remanded to the trial court for correction of an error patent as noted herein.

AFFIRMED; REMANDED WITH INSTRUCTIONS

. LSA-C.Cr.P art. 881.1(E) states: “[fjailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.”

. Both sentences were ordered to be served at hard labor and without the benefit of parole, probation or suspension of sentence,

. This calculation includes the enhanced five year sentence authorized under LSA-R.S. 14:64.3.

. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426; and State v. Alberto, 95-540, p. 23 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, 625, writs denied, 95-1677 (La.3/22/96), 669 So.2d 1222, 96-0041 (La.3/29/96), 670 So.2d 1237.