ROBERT M. MURPHY, Judge.
1 ...Defendant, Melvin A. Chandler, appeals his conviction and sentence for one count of simple burglary. For the reasons that follow, we affirm defendant’s conviction and sentence and remand the matter to the trial court for correction of an error patent as noted herein.[1]
On March 11, 2013, defendant was charged by bill of information with simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2. Defendant pled not guilty to the charge at his arraignment on the following day. On May 28, 2013, defendant withdrew his former plea of not guilty, and entered a plea of guilty as charged to simple burglary of an inhabited dwelling. After waiving sentencing delays, defendant was sentenced to six years imprisonment at hard labor, with the' first year of that sentence to be served without the benefit of parole, probation or suspension of sentence.
|4On that same day, defendant’s sentence was vacated after the State filed a multiple offender bill of information, and defendant stipulated that he was a second felony offender.[2] Defendant pled guilty to the multiple offender bill. As a second felony offender, defendant was sentenced to six years imprisonment at hard labor without the benefit of probation or suspension of sentence. However, on the following day, May 29, 2013, defendant appeared in court for correction of his enhanced sentence. Defendant’s enhanced sentence was vacated, and he was resentenced to six years imprisonment with the Department of Correction's to be served without benefit of probation or suspension of sentence.[3] Additionally, the first year of the enhanced sentence was ordered to be served without benefit of parole, probation, or suspension of sentence.
Thereafter, defendant filed an application for post-conviction relief on June 5, 2014, and the trial court granted defendant an out-of-time appeal. Defendant’s appeal now follows.
Because defendant pled guilty without proceeding to trial, the following facts are taken from a limited record on appeal. Pursuant to the bill of information, on or about April 13, 2011, defendant violated La. R.S. 14:62.2 by committing the simple burglary of an inhabited dwelling in Jefferson Parish owned by Cynthia Stubbs.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Accordingly, appellate *78 counsel’s brief sets forth that it is filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam), which set forth the procedure appellate counsel should follow when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.
In the instant case, appellate counsel reviewed the procedural history of the case in her brief. She sets forth that, after a review of the record, she has found no non-frivolous issues to present on appeal. Appellate counsel asserts that defendant’s plea was not entered under State v. Crosby,[4] and there were no pre-trial motion hearings. Appellate counsel specifically notes that she considered whether to raise the issue of excessiveness of the sentence, but ultimately concluded that this claim would be frivolous,'noting that defendant received the minimum sentence as a second felony offender. Counsel contends that the trial court reviewed the plea, conducted a proper colloquy, and informed defendant of his sentence during the colloquy.
Accordingly, appellate counsel requests to withdraw from further representation of defendant. Appellate counsel advised this Court that she notified defendant of the filing of this motion, advising him of his right to file a pro se brief in this appeal. Additionally, we note that this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had a right to file a pro se supplemental brief. Defendant chose not to file a pro se brief.
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, transcript, guilty plea colloquy, guilty plea form, and defendant’s stipulation to the multiple bill in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that arguably support an appeal. Accordingly, defendant’s conviction and sentence are | (¡affirmed. Appellate counsel’s motion to withdraw, which has been held in abeyance pending disposition of this matter, is granted.
ERROR PATENT REVIEW
Appellate counsel requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether a defendant makes such a request. Our review reveals an error in the “State of Louisiana Uniform Commitment Orders,” dated May 28, 2013 and May 29, 2013. The Uniform Commitment Orders reflect the incorrect date, February 8, 2013, as the date of the offense.
Accordingly, to ensure an accurate record, we remand this case and order the Uniform Commitment Orders to be corrected to reflect the correct date of the offense as April 13, 2011. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the originals of the corrected Uniform Commitment Orders to the officer in charge of the institution to which defendant has been sentenced arid to the Department of Corrections’ Legal Department. See State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142, citing La. C.Cr.P. art. 892(B)(2).
CONCLUSION
Accordingly, for the foregoing reasons, we affirm defendant’s conviction and sen *79 tence for simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2, and grant appellate counsel’s motion to withdraw as attorney of record. The matter is remanded to the trial court for correction of an error patent as noted herein, and the Clerk of Court for the 24th Judicial District Court is ordered to transmit the originals of the corrected Uniform Commitment Orders to the officer |7in charge , of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF COMMITMENT

. This memorandum opinion is issued in compliance with Uniform Rules — Courts of Appeal Rule 2-16.1(B).

. The multiple offender bill of information alleged a predicate plea of guilty to simple burglary of an inhabited dwelling on October 5, 2010 in violation of La. R.S. 14:62.2 in case number 10-3759 in the 24th Judicial District Court.

. Although the trial court did not say "at hard labor” when sentencing defendant, as reflected in the commitment, it did state defendant's sentence was with the "Department of Corrections.” Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. See State v. Williams, 12-687, p. 16 (La.App. 5 Cir. 5/16/13), 119 So.3d 228, 237 n. 15, writ denied, 13-1335 (La.12/2/13), 126 So.3d 500.

. State v. Crosby, 338 So.2d 584 (La.1976).