MARC E. JOHNSON, Judge.
I ¡(Defendant, Kristian M. Rome, appeals his convictions and sentences for felony theft, possession of a firearm by a convicted felon, simple burglary, possession of stolen property and possession of a controlled dangerous substance from the 24th Judicial District Court, Division “E”. For the following reasons, we affirm Defendant’s convictions. We vacate Defendant’s sentences on counts six, seven, eight and nine and affirm all other sentences. The matter is remanded to the trial court with instructions. Additionally, we grant appellate counsel’s motion to withdraw.
FACTS AND PROCEDURAL HISTORY
On May 8, 2014, the Jefferson Parish District Attorney filed a bill of information charging Defendant with three counts of simple burglary of an inhabited dwelling (counts one, two, and three), violations of La. R.S. 14:62.2; one |scount of possession of a firearm by a convicted felon (count four), a violation of La. R.S. 14:95.1;[1] one count of possession of stolen property (count five), a violation of La. R.S. 14:69; one count of theft of a firearm (count six), a violation of La. R.S. 14:67.15; and three counts of felony theft (counts seven, eight, and nine), violations of La. R.S. 14:67.[2] Defendant pleaded not guilty to the charged offenses at his arraignment on May 9, 2014.
*723 On July 7, 2014, Defendant withdrew his pleas of not guilty and, after being advised of his Boykin[3] rights, pleaded guilty as charged to all counts. Because Defendant’s convictions were the result of guilty pleas, and resolved without evidentiary hearings, the facts underlying the crimes of conviction are not fully developed in the record. Thus, the facts are gleaned from the recitation of facts presented by the State during the guilty plea colloquy:
[O]n or about February 9th, 2014, Kristian Rome did commit burglary of an inhabited dwelling at 401 Central Avenue in Jefferson Parish;
Further, that on February 19th, 2014, Kristian Rome did commit burglary of an inhabited dwelling located at 6751 Riverside Drive in Jefferson Parish;
Furthermore, that on or about February 16th, 2014, Kristian Rome did commit burglary of an inhabited dwelling at 108 Hollygrove Street in Jefferson Parish;
Furthermore, that on or about March 12th, 2014, Kristian Rome did possess a firearm having been previously convicted of a felony of burglary of an inhabited dwelling in Jefferson Parish;
Furthermore, that between the dates of February 9th, 2014, and March 12th, 2014, Kristian Rome did commit the offense of possession of stolen property valued over fifteen hundred dollars;
Furthermore, that on or about December 1st, 2013, Kristian Rome did commit theft of a firearm in Jefferson Parish;
^Furthermore, that on or about December 1st, 2013, Kristian Rome did commit theft between five hundred and fifteen hundred dollars in Jefferson Parish;
Furthermore, that on or about — no I’m sorry — between the dates of February 1st, 2014 and February 10th, 2014, Kristian Rome did commit theft of currency by fraud from Gold Buying Store in Jefferson Parish valued at qver fifteen hundred dollars;
Furthermore, that between the dates of February 11th, 2014, and February 15th, 2014, Kristian Rome did commit theft between five hundred and fifteen hundred dollars in Jefferson Parish.
In accordance with the plea agreement, Defendant was sentenced on counts one, two, and three to eight years imprisonment at hard labor, with the first year of each sentence to be served without benefit of parole, probation, or suspension of sentence; ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count four; one year imprisonment at hard labor on count five; two years imprisonment without benefit of parole, probation, or suspension of sentence on count six; and one year imprisonment at hard labor on each of counts seven, eight, and nine. All of Defendant’s sentences were ordered to be served concurrent to each other, with the exception of Defendant’s ten-year sentence on count four, which the trial court ordered to run consecutive to Defendant’s other sentences. The trial court further recommended Defendant for the Youth Offender Program, the Blue Walters Drug Treatment Program, and any other self-help programs operated by the Department of Corrections for which Defendant may qualify. The trial court also ordered Defendant to pay all “fines, fees, and costs”[4] within 180 days.
*724 |fiOn January 6, 2015, Defendant filed an application for post-conviction relief seeking an'out-of-time appeal, which was granted by 'the trial court on January 28, 2015.[5] Defendant’s timely appeal follows.
ASSIGNMENTS OF ERROR
' On-appeal, Defendant'seeks review of his convictions and sentences in conformity with the- procedures outlined in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam).
LAW AND ANALYSIS
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110-11,[6].appointed appellate counsel has filed a brief asserting that she has made a conscientious and thorough review of the entire appellate -record, including the procedural history and -facts, 'and has not found any non-frivolous issues to raise on appeal.[7] Accordingly, appointed counsel requests permission to -withdraw as counsel of record.
After receiving appellate counsel’s brief and motion to withdraw, this Court performed a full examination of all the appellate record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, supra. Our independent examination of the record in the instant case consisted of (1) a review of'the bill of information to ensure that Defendant was .properly charged; (2) a review of all minute entries to ensure that Defendant was present-at all crucial states of the ^proceedings and that the -convictions and sentences are legal; and (3) a review of all the transcripts to determine if any ruling provides an arguable basis for appeal. We find no non-frivolous issues, regarding Defendant’s convictions.
However, we note the following errors found during our review for errors patent.
First, Defendant’s sentences on counts four and six are illegally lenient in that they were imposed without the mandatory fíne. La. R.S. 14:95.1 provides for a fine of “not less than one thousand dollars nor more than five thousand dollars,” and La. R.S. 14:67.15 provides for a fine of “one thousand dollars.” Neither patty raises this issue on appeal. Pursuant to *725 our permissive , authority to correct an illegally lenient sentence, we decline to remand Defendant’s sentences for counts four and six for imposition of the mandatory fines for this indigent defendant. See, State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04); 887 So.2d 596, 598.
Next, the State of Louisiana Uniform Commitment Order reflects ebruary 9, 2014, as the date of the offense on count five. However, the record reflects that count five was committed on or between February 9, 2014 and March 12, 2014. This Court has previously remanded a case for correction of the Uniform Commitment Order in its error patent review. See, State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14); 134 So.3d 36, writ denied, 14-0481 (La.11/7/14); 152 So.3d 170 (citing State v. Long, 12-184 (La.App. 5 Cir. 12/11/12); 106 So.3d 1136, 1142).
As such, we remand -this matter and' order that the Uniform Commitment. Order be corrected to reflect the proper date range for count five. We also direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to. 17which Defendant has been sentenced and the Department of Corrections’ legal department. See, Long, supra. (citing La.C.Cr.P. art. 892(B)(2)).
Last, Defendant was sentenced on count six under La. R.S. 14:67.15 (theft of a firearm) and bn counts seven, eight, and nine under La. R.S. 14:67 (theft). The penalty provisions for these counts, to which Defendant pleaded guilty, provides for the sentences to be imposed either with or without hard labor. The trial court failed to indicate whether Defendant’s sentence on count six is to be served at hard labor. Additionally, while the trial judge stated that two of Defendant’s theft counts are to be served at hard labor, he failed to indicate whether the third count is to be served at hard labor. This is contrary to the commitment which indicates that all of Defendant’s sentences, including counts, six, seven, eight, and nine are to be served at hard labor. Where there is a discrepancy between the transcript and the commitment, the . transcript generally prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Since the trial court failed to state whether these sentences are to be served with or without hard labor, they are indeterminate and contrary to La.C.Cr.P. art. 879. Therefore, we find it necessary to vacate Defendant’s sentences on counts six, seven, eight, and nine — since it cannot be determined which of the theft counts were ordered to be served at hard labor— and remand the matter to the trial court for the imposition of determinate sentences in accordance with La.C.Cr.P. art. 879. See State v. Horton, 09-250 (La.App. 5 Cir. 10/27/09); 28 So.3d 370, 377.[8]
DECREE
For the foregoing reasons, the convictions of Defendant, Kristian M. Rome, are affirmed. The sentences for counts one, two, three, four and five are also |Raffirmed. The sentences for counts six, seven, eight and nine are vacated and remanded to the trial court for the re-sentencing of Defendant on those counts. We also grant appéllate counsel’s motion to *726 withdraw. Additionally, we remand the matter for correction of the Uniform Commitment Order pursuant to the instructions provided in accordance with this opinion.

CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE, TWO, THREE, FOUR AND FIVE AFFIRMED: SENTENCES ON COUNTS SIX, SEVEN, EIGHT AND NINE VACATED; REMANDED FOR FURTHER PROCEEDINGS; COMMITMENT REMANDED FOR CORRECTION; MOTION TO WITHDRAW GRANTED

. It was alleged that Defendant had previously been convicted of simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2, under case numbers 13-2256 and 12-2984, Division “P" of the 24th Judicial District Court, Parish of Jefferson.

. Defendant was charged along with co-defendant, Haley Dardar.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Notably, the signed form in the record titled “Felony: Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements,” incor *724 rectly indicates that among' the crimes Defendant pleaded guilty was La. R.S. 40:966C— possession of a schedule I narcotic. As such, the court ordered Defendant to pay the court costs, and fines associated with "drug cases” in the amount of $1,140.50, instead of the appropriate "non-drug cases” costs and fine in the amount of $1,090.50.

.Defendant’s convictions and sentences became final when Defendant failed to make a timely motion for appeal or a timely motion to reconsider sentence. A defendant who has failed to appeal timely should file an application for post-conviction relief after the appeal delays have expired to seek the exercise of his right to appeal. State v. Counterman, 475 So.2d 336, 338 (La.1985); State v. Jupiter, 05-869 (La.App. 5 Cir. 2/3/06); 922 So.2d 1245, 1246-47; State v. Gray, 04-1272 (La.App. 5 Cir. 4/26/05); 902 So.2d 1060, 1061; State v. Sly, 97-380 (La.App. 5 Cir. 10/28/97); 701 So.2d 1059, writ denied, 97-2954 (La.4/3/98); 717 So.2d 230. Accordingly, in the instant case, Defendant's application for post-conviction relief was timely filed within two years after his appeal delays expired..

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam).

. On May 1, 2015, this Court notified Defendant of his right to. file a pro se supplemental brief in this appeal. Defendant failed to file a supplemental brief.

. Because Defendant’s longer sentences (the eight-year sentences for counts one, two and three) are to be served at hard labor and will run concurrently with his shorter indeterminate sentences, we find that it would be inconsequential to reserve his right to withdraw his. guilty pleas because Defendant knowingly agreed to the eight-year sentences at hard labor.