STATE OF LOUISIANA

VERSUS

MALCOLM J. ROCHEFORT

NO. 23-KA-344

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-1251, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

February 07, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Scott U. Schlegel

**SENTENCES VACATED AND**
**REMANDED FOR RESENTENCING**
    **SUS**
    **FHW**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Monique D. Nolan
Thomas J. Butler
Molly Love
Taylor Somerville

COUNSEL FOR DEFENDANT/APPELLANT,
MALCOLM J. ROCHEFORT
Lieu T. Vo Clark

**SCHLEGEL, J.**

Defendant, Malcolm J. Rochefort, appeals his sentences for possession of methamphetamine weighing less than two grams and possession of fentanyl weighing less than two grams. For the following reasons, we vacate defendant's sentences and remand for resentencing.

## PROCEDURAL BACKGROUND

On March 16, 2023, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of methamphetamine weighing less than two grams in violation of La. R.S. 40:967(C) (count one) and possession of fentanyl weighing less than two grams in violation of La. R.S. 40:967(C) (count two). Defendant pled not guilty at his arraignment on March 17, 2023.

After a one-day trial on April 20, 2023, the six-person jury unanimously found defendant guilty as charged on each count. On that same date, after a waiver of delays, the trial court sentenced defendant to two years imprisonment without the benefit of parole, probation, or suspension of sentence on count one and to four years imprisonment without the benefit of parole, probation, or suspension of sentence on count two. On April 25, 2023, defendant filed a motion for appeal, which was granted by the trial court on April 26, 2023. Defendant now appeals, arguing that his sentences are illegal because the court improperly restricted benefits on both counts.

## FACTS

On the morning of February 11, 2023, Deputy Blake Billiot of the Jefferson Parish Sheriff's Office (JPSO) was patrolling in his marked unit when he observed a white male, later identified as defendant, slumped over in front of the residence at 2816 Victoria Drive in Marrero. The deputy was familiar with the residence due to prior complaints of drug activity there. The deputy believed defendant may

have been having a medical emergency, so he stopped and exited his vehicle. When the deputy slammed his car door shut, defendant sat up, made eye contact with the deputy, and ran toward the rear of the residence. Deputy Billiot instructed defendant to stop, but as he reached the back of the residence, he lost sight of defendant. Due to his concern regarding other possible occupants in the residence, Deputy Billiot decided to call for assistance. While waiting for other deputies to arrive, Deputy Billiot saw defendant on the roof of the residence. He later heard fence boards breaking and saw defendant running through the backyard of a nearby residence.

In the meantime, assisting officers arrived and a neighbor alerted the deputies that defendant was in the backyard at 2820 Elizabeth Drive. Deputy Billiot, and assisting officer, Deputy Jared Tardiff, entered the yard and apprehended defendant. Defendant informed the deputies that he had a knife in his pocket, so they conducted a safety pat-down. Deputies found a pocket knife and a black bag in defendant's pockets. Deputy Billiot explained that he looked inside of the black bag to make sure it did not contain any additional weapons, and he found a pipe, multiple wrappers of aluminum foil with a white substance, a rock-like substance, and two needles. The rock-like substance tested presumptively positive for methamphetamine. The crime lab later analyzed the substance inside of the aluminum foil packet, and it tested positive for fentanyl.[1]

The State and defendant also stipulated that, if called to testify, Justin Marini would qualify as an expert in the field of analysis and identification of controlled substances. They further stipulated that Mr. Marini would testify in conformity with his report dated March 8, 2023, which found that the substances seized and tested in this case contained methamphetamine and fentanyl.

---

[1] Deputy Tardiff's trial testimony corroborated Deputy Billiot's testimony regarding defendant's apprehension and the discovery of the bag containing suspected narcotics.

## DISCUSSION

In his sole assignment of error, defendant argues that the trial court imposed illegal sentences as to both counts by requiring the sentences to be served without the benefit of probation, parole, or suspension of sentence. We do not reach this issue, however, because we have determined through our errors patent review that defendant's sentences are indeterminate due to the trial court's failure to specify whether they are to be served with or without hard labor.

La. R.S. 40:967(C)(1) applies to a charge for possession of methamphetamine weighing less than two grams and provides for the sentence to be imposed either with or without hard labor, stating:

> Any person who violates this Subsection with respect to:
>
> (1) An aggregate weight of less than two grams, shall be imprisoned, ***with or without hard labor***, for not more than two years, and in addition, may be sentenced to pay a fine of not more than five thousand dollars. [Emphasis added.]

Similarly, as to count two, possession of fentanyl weighing less than two grams, La. R.S. 40:967(C)(4)(a) provides as follows:

> Fentanyl or a mixture or substance containing a detectable amount of fentanyl or its analogues, . . . upon conviction for an amount of:
>
> (a) An aggregate weight of less than two grams, shall be imprisoned, ***with or without hard labor***, for not less than two years nor more than four years." [Emphasis added.][2]

La. C.Cr.P. art. 879 requires a court to impose a determinate sentence. If the applicable sentencing statute allows discretion, the failure to indicate whether the sentence is to be served with or without hard labor is an impermissible indeterminate sentence. *State v. Rome*, 15-229 (La. App. 5 Cir. 9/23/15), 176 So.3d 721, 725.

---

[2] Neither of the applicable sentencing provisions provide for the imposition of sentence without the benefit of probation, parole, or suspension of sentence.

In this case, the trial court had discretion as to whether or not to sentence defendant to hard labor on each count. While the commitment indicates that defendant's sentences were to be served at hard labor, the trial court did not state on the record at sentencing whether the sentences on counts one and two were to be served with or without hard labor. When there is a discrepancy between the minutes and the transcript, the transcript prevails. *State v. Bourgeois*, 22-418 (La. App. 5 Cir. 4/26/23), 361 So.3d 1138, 1152. Accordingly, we find that defendant's sentences are indeterminate. Therefore, we vacate defendant's sentences and remand the matter to the trial court for the imposition of a determinate sentence on each count in accordance with La. C.Cr.P. art. 879. *See State v. Gilbert*, 23-121, p. 6 (La. App. 5 Cir. 11/8/23), 2023 WL 7381472.

## ERRORS PATENT

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). We find no additional errors patent.

## DECREE

For the reasons stated above, we vacate defendant's sentences on counts one and two, and remand to the trial court for resentencing.

**SENTENCES VACATED AND
REMANDED FOR RESENTENCING**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 7, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 23-KA-344

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      LIEU T. VO CLARK (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
MOLLY LOVE (APPELLEE)
TAYLOR SOMERVILLE (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053