958 So.2d 61 (2007)
STATE of Louisiana
v.
Allen P. NGUYEN.
No. 06-KA-969.
Court of Appeal of Louisiana, Fifth Circuit.
April 24, 2007.
*62 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Laura Schneidau, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The defendant, Allen Nguyen, has appealed the 30 year sentence imposed for his conviction of attempted second degree murder after being adjudicated a second felony offender. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY:
At trial, the victim, Edward Lavigne (Lavigne) and his passenger, Kristeena Perez (Perez), testified that they stopped at a Shell gas station during the early morning hours of January 1, 1999. At the station, Perez called Lavigne's attention to an Asian man, who had recently been in an altercation with Lavigne's niece and nephew. Lavigne testified that he did not know the Asian man. Lavigne testified that as he exited the gas station, he "rolled by" the Asian man and stared at him with an aggressive expression for "about five seconds." He then drove away from the station.
While driving on the West Bank Expressway, Lavigne saw the van containing the Asian man from the Shell station pull up behind him. A short time later, Lavigne pulled into the parking lot of a storage facility, exited his truck, and walked toward the van gesturing and shouting at its occupants. Perez stayed in the truck.
Lavigne testified that, as he walked towards the van, the van door opened, a man exited and fired a gun at him three times. Lavigne was shot in the abdomen. Lavigne managed to walk back to his truck and drove to a nearby bar for help. The shooter fled the scene in the van.
Although Lavigne testified that he was unable to identify the shooter, Perez testified that she was certain that it was the defendant who fired the shots at Lavigne.
The defendant, Allen Nguyen, was found guilty as charged of attempted second degree murder and was sentenced to 25 *63 years at hard labor. The State filed a multiple bill alleging defendant to be a third felony offender. After granting the defendant's Motion to Quash one of the predicate offenses, the trial judge sentenced defendant to 40 years at hard labor as a second felony offender. On September 28, 2004, this Court affirmed the conviction, but vacated the habitual offender adjudication and sentence because the record did not reflect that defendant stipulated to the multiple bill or that a multiple bill hearing was held. State v. Nguyen, 04-321 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, writ denied, XXXX-XXXX (La.4/29/05), 901 So.2d 1064. This Court reinstated the original sentence and remanded.
On June 22, 2005, the State filed a new multiple bill alleging defendant to be a second felony offender, and defendant denied the allegations of the multiple bill. On that same date, a multiple bill hearing was held, and the trial judge found defendant to be a second felony offender. On February 2, 2006, the trial judge vacated the original sentence and resentenced defendant to imprisonment at hard labor for 30 years to run consecutively with the sentence defendant was serving in another case. Defendant timely filed a Motion for Appeal that was granted.
ASSIGNMENT OF ERROR NUMBER ONE
In his first Assignment of Error, the defendant argues that his 30-year enhanced sentence is constitutionally excessive because the predicate conviction, burglary of a vehicle, was not a particularly serious crime, and because he accepted responsibility for that crime by entering a guilty plea. He also claims that the sentence is excessive because the facts of the instant case show that the victim wanted to engage in a fight with him. Defendant further contends that the trial court erred by failing to articulate reasons for the sentence in accordance with LSA-C.Cr.P. art. 894.1, especially since the trial judge imposed a consecutive sentence.[1] The State responds that the sentence was not excessive considering the circumstances of the case.
The record reflects that, on June 22, 2005, a multiple bill hearing was held after which the trial judge found defendant to be a second felony offender. At the sentencing hearing on February 2, 2006, defense counsel called Sheila Chenevert to present testimony on defendant's behalf. Chenevert testified that she represented Louisiana Coalition for Reform, a faith-based non-profit organization that focused on helping inmates prepare to successfully re-enter society. She further testified that she was familiar with defendant's incarceration, and that he had taken advantage of every positive program, but mainly the faith-based programs that had proven to be successful. Chenevert indicated that defendant had used his incarceration to help others, and that he had obtained certificates for all the programs he completed. She stated that her organization supported defendant and his family, and she asked the trial judge for leniency in sentencing.
The prosecutor reminded the trial judge that defendant had a simple burglary conviction in 1997, and that defendant had pleaded nolo contendere to attempted first degree murder, a crime of violence, when he was a juvenile. After hearing arguments of counsel, the trial judge vacated the previous sentence and resentenced defendant to imprisonment at hard labor for 30 years to be served consecutively with *64 the other sentence defendant was presently serving. He did not provide reasons for the sentence.
The record reflects that defendant did not file a Motion to Reconsider his enhanced sentence as required by LSA-C.Cr.P. art. 881.1, nor did he orally object to the sentence at the hearing. Nevertheless, this Court has reviewed a defendant's constitutional challenge of his sentence even in the absence of an objection to the sentence or a Motion to Reconsider. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 340. The failure to file a Motion to Reconsider Sentence, or to state specific grounds upon which the motion is based, merely limits a defendant to a limited review of the sentence for constitutional excessiveness. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 342. Accordingly, the sentence will be reviewed only for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992).
In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing the sentence. State v. Allen, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877.
In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Allen, 868 So.2d at 880. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed, even when the trial judge does not provide reasons for the sentence. State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, writ denied, 04-1640 (La.11/19/04), 888 So.2d 192.
In the instant case, the defendant was convicted of attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1. At the time the offense was committed in 1999, the penalty for a violation of those statutes was imprisonment at hard labor for not less than 10 nor more than 50 years without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:27D(1); LSA-R.S. 14:30.1B. The trial judge sentenced defendant to imprisonment at hard labor for 25 years. On remand, after being adjudicated a second felony offender, the trial judge vacated the original sentence and resentenced defendant under the multiple bill statute to 30 years at hard labor to run consecutively to the sentence he was presently serving.
LSA-R.S. 15:529.1 A(1), the multiple bill statute, provides in pertinent part:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
*65 According to LSA-R.S. 14:27 D(1), LSA-R.S. 14:30.1 B, and LSA-R.S. 15:529.1 A(1)(a), defendant's sentencing exposure on his enhanced sentence was 25 to 100 years. Clearly, defendant's 30-year enhanced sentence was on the low end of the sentencing range. Thus, we find that the 30-year enhanced sentence is not constitutionally excessive. As the State noted in its brief, defendant opened fire on the victim in a public place, causing serious injury to the victim. We further note that defendant has a conviction for simple burglary, and he pleaded nolo contendere to attempted first degree murder, a crime of violence, when he was a juvenile. Additionally, the sentence is supported by jurisprudence. See, State v. Snyder, 97-226 (La.App. 5 Cir. 9/30/97), 700 So.2d 1082.
ASSIGNMENT OF ERROR NUMBER TWO
In his second Assignment of Error, the defendant argues that his trial counsel was ineffective for failing to file a Motion to Reconsider Sentence. He asserts that the failure to file such a motion prevents this Court from reviewing the trial court's lack of compliance with LSA-C.Cr.P. art. 894.1. The State responds that the ineffectiveness claim is without merit because defendant has not shown a reasonable probability that, but for counsel's error, his sentence would have been lowered.
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through Application for Post-Conviction Relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987). However, if the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Hamilton, 92-2639 (La.7/1/97), 699 So.2d 29, cert. denied, 522 U.S. 1124, 118 S.Ct. 1070, 140 L.Ed.2d 129 (1998). The record in this case contains sufficient evidence to decide this issue, and the issue is properly raised by assignment of error on appeal, therefore, we will address the issue in the interest of judicial economy.
The Sixth Amendment of the United States Constitution and Article I, Section 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of trial counsel. According to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffectiveness claim must show (1) that defense counsel's performance was deficient, and (2) that the deficiency prejudiced the defendant. To demonstrate prejudice under this test, the defendant must show that the outcome of the trial would have been different, but for counsel's unprofessional conduct. Strickland, 466 U.S. at 687, 104 S.Ct at 2064.
This Court has recognized that defense counsel's failure to file a Motion to Reconsider Sentence cannot "automatically be considered deficient performance." State v. Williams, 98-1146 (La.App. 5 Cir. 6/1/99), 738 So.2d 640, writ denied, XXXX-XXXX (La.1/7/00), 752 So.2d 176. This Court has also held that the failure to file a Motion to Reconsider Sentence does not prejudice a defendant when the court reviews the sentence for constitutional excessiveness. State v. Dammeron, 98-378 (La. App. 5 Cir. 9/29/98), 719 So.2d 1151.
However, in the instant case, the defendant complains of a statutory violation. He asserts that his counsel's deficient performance precludes him from raising the claim that the trial judge failed to comply with LSA-C.Cr.P. art. 894.1. Although defendant is correct in that he is relegated to urging a claim of constitutional excessiveness due to the absence of a Motion to *66 Reconsider Sentence, remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not necessary when the record clearly shows an adequate factual basis for the sentence imposed. State v. Thompkins, 04-1062 (La.App. 5 Cir. 2/15/05), 896 So.2d 1165.
Our review of the record clearly shows an adequate factual basis for the sentence imposed. As was discussed above, defendant caused serious injury to the victim when he shot at him multiple times in a public place. Defendant also has a criminal history, including an adjudication for attempted first degree murder as a juvenile. Thus, we find that defendant has not met his burden to support a claim of ineffective assistance of counsel.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent requiring corrective action in this case.
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] It is noted that LSA-C.Cr.P. art. 883 authorized the trial judge to order the sentences to run consecutively since the two offenses were not based on the same act or transaction, nor did they constitute parts of a common scheme or plan.