Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,496-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JAMAR DEWAYNE TROTTER                       Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 382,341

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

JASON WAYNE WALTMAN
VICTORIA T. WASHINGTON
ALEX L. PORUBSKY
Assistant District Attorneys

* * * * *

Before MOORE, STONE, and ROBINSON, JJ.

**MOORE, C.J.**

The defendant, Jamar Dewayne Trotter, threatened a delivery driver with a gun while his accomplice took a case of liquor from the driver's delivery truck. Trotter was charged by bill of information with two counts: armed robbery and the use of a firearm enhancement; the firearm enhancement was later dropped.[1] Following trial, a unanimous jury found him guilty of armed robbery. Trotter, who had three prior felony convictions, was sentenced to 45 years at hard labor without benefit of probation, parole, or suspension of sentence. He appealed, alleging that the trial court erred by imposing an excessive sentence.

For the following reasons, we vacate the 45-year sentence and remand for resentencing.

## FACTS

On October 22, 2020, Roderick Phillips, a delivery driver for Southern Glazer's Wine and Spirits, made a delivery to a liquor store on Mansfield Road in Shreveport. While he was in the store, another delivery driver, Christopher Demming, told Phillips that there was a person acting suspiciously behind his delivery truck. Phillips went to the back of his truck where he saw a black male carrying a case of Hennessy brandy taken from his truck toward an older model silver Monte Carlo. He attempted to wrestle the case from the thief. In the struggle, Phillips's attention was directed toward the Monte Carlo, where he saw the defendant, Trotter,

---

[1] The state also filed a separate bill of information under a different docket number charging Trotter with possession of a firearm by a convicted felon, apparently based on the same evidence. After Trotter was sentenced for armed robbery, the state dismissed this charge.

standing behind the passenger side of the vehicle pointing a black pistol at him. Trotter ordered Phillips to "let it go"; Phillips released his grip on the case, and raised his arms over his head. The two robbers drove off in the silver Monte Carlo. Phillips walked back to the store and called the police.

A police unit spotted the silver Monte Carlo parked at a residence. Officers looked into the vehicle through the windows and saw a black pistol in the cup holder and an AR-15 assault rifle on the passenger seat. When the homeowner came out, police questioned him and he gave permission to search the house. The two suspects were hiding in the attic.[2] Police obtained a warrant to impound the Monte Carlo, and it was subsequently searched; in addition to the two firearms noted above, another rifle was found in the vehicle.

Phillips identified Trotter as the gunman in a photographic lineup; Demming also identified him as the gunman, in a different lineup. At trial, Phillips testified that the black pistol found in the Monte Carlo appeared to be the pistol pointed at him by the defendant. Following trial, a unanimous jury found Trotter guilty as charged of armed robbery.

The court did not order a presentence investigation ("PSI") prior to sentencing.

At the start of the brief sentencing hearing, defense counsel asked the court to consider the fact that, "as bad as this was," "no one got hurt, and it was a small amount of alcohol, a small amount of loss."

The court stated that Trotter had three prior felony convictions: simple burglary in 2016, illegal possession of a stolen firearm in 2017, and

_____

[2] The record is unclear whether the two men came out of the attic before or after they were discovered.

2

possession of a Schedule II CDS in 2021. The court did not mention La. C. Cr. P. art. 894.1 prior to imposing sentence, or note any aggravating or mitigating factors that a PSI might have provided. The court imposed a sentence of 45 years at hard labor without benefit of probation, parole, or suspension of sentence and cast the defendant for costs of the proceedings plus a $50 fee to the Indigent Defender's Office to be paid through inmate banking.

After imposing this sentence, the court advised Trotter "that you have two years to file for any post-conviction relief once your sentences become final." He designated the armed robbery as a crime of violence and stated that Trotter would receive credit for time served. On the state's motion, the court then dismissed the separate bill charging Trotter with possession of a firearm by a convicted felon during the instant offense.[3]

Ending the proceedings, the court stated: "And just for the record, on Mr. Trotter, I considered the factors in Code of Criminal Procedure Arts. 893 and 894 in arriving at a just sentence."

Subsequently, Trotter filed a "motion to reconsider and vacate unconstitutionally excessive sentence." The record does not show a ruling on this motion. This appeal followed.

**DISCUSSION**

Trotter's sole assignment of error is that the court erred by imposing a 45-year hard labor sentence that is excessive in this case.

---

[3] This is the separate bill noted in fn. 1, *supra*. Since both these charges were based on the same evidence and therefore subject to a claim of double jeopardy, we surmise that the prosecutor decided to drop the firearm enhancement charge on the initial bill, but did not drop the possession of a firearm charge until after sentencing.

3

The state maintains that the trial judge did not abuse its wide discretion in imposing the 45-year "midrange" sentence, given the facts of the case and Trotter's criminal history. It further argues that, because the trial court is in the best position to consider the aggravating and mitigating factors in a case, it is given wide discretion in imposing a sentence within statutory limits. An excessive sentence determination, the state argues, is made by examining whether the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1; neither rigid nor mechanical compliance with the provisions of that article is required. It contends that Trotter offered, at sentencing, no mitigating evidence of which the trial court should have taken notice. Trotter got a break, it infers, because the state did not file a fourth felony offender bill with a sentencing range of 20 years to life.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Bell*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and

4

the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Bell, supra*; *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 16-0535 (La. 3/31/17), 217 So. 3d 358. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Bell, supra*; *State v. Brown*, 51,352 (La. App. 2 Cir. 5/2/17), 223 So. 3d 88; *State v. Lathan*, 41,855 (La. App. 2 Cir. 2/28/07), 953 So. 2d 890.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell, supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell, supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Bell, supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Bell, supra*; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell, supra*; *State v. Kelly, supra*.

5

The penalty for armed robbery is imprisonment at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole probation, or suspension of sentence. La. R.S. 14:64(B). By providing a wide statutory range for a sentence, the legislature intended for the district court to have vast discretion to sentence a defendant according to the particular facts of the crime committed. *State v. Sepulvado*, 367 So. 2d 762, 766 (La. 1979). The district court's sentencing discretion, however, has limits; the court cannot punish a defendant with a sentence, regardless of whether it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering on the convicted. *State v. Wilmot*, 13-994 (La. App. 5 Cir. 5/14/14), 142 So. 3d 141, 148; *State v. Nguyen*, 06-969 (La. App. 5 Cir. 4/24/07), 958 So. 2d 61, *writ denied*, 07-1161 (La. 12/7/07), 969 So. 2d 628 (citing *State v. Lobato*, 603 So. 2d 739 (La. 1992)).

The record shows that after sentencing Trotter filed a motion to reconsider sentence, but the record does not reflect a ruling on that motion. The appeal moved forward although the motion was still pending in district court.

In *State v. Lathan,* 41,855 (La. App. 2 Cir. 2/28/07), 953 So. 2d 890, *writ denied*, 07-0805 (La. 3/28/08), 978 So. 2d 297, the court held that an appellate court "may review Defendant's sentence for constitutional excessiveness in spite of the pending motion to reconsider sentence." Similar to this case, in *Lathan*, the appeal went forward even though the hearing and a ruling were still pending. Judge Sexton, writing for the panel, reasoned:

6

According to La. C. Cr. P. art. 916(3), the trial court retains jurisdiction to "take other appropriate action pursuant to a properly made or filed motion to reconsider sentence" even after an order of appeal is entered. Further, La. C. Cr. P. art. 881.1(C) states that "the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of that sentence." *In addition, no provision within the Code of Criminal Procedure prohibits an appellate court from reviewing a sentence for constitutional excessiveness in spite of the trial court's failure to rule on a motion to reconsider sentence.* Further, an appellate court may review a sentence for constitutional excessiveness even if the defendant fails to file a motion to reconsider sentence. Therefore, this court may review Defendant's sentence for constitutional excessiveness in spite of the pending motion to reconsider sentence. *Should the trial court later rule upon Defendant's motion to reconsider sentence, Defendant may seek appellate review of that decision pursuant to La. C. Cr. P. art. 914(B)(2).*

(Emphasis added.)

On the other hand, in *State v. Stock*, 16-552 (La. App. 5 Cir. 2/22/17), 212 So. 3d 1268, after ruling on the appellant's other assignments of error regarding his trial, conviction, and habitual offender adjudication, the court noted in its error patent review that the appellant's motion to reconsider his original sentences was still pending in district court. Unlike in *Lathan*, *supra*, the defendant in *Stock* did not assign any errors pertaining to his original sentences upon which the motion to reconsider was based. The court remanded the matter for the trial court to consider defendant's motion to reconsider his original sentences.

The court in *State v. Stock* distinguished *State v. Lathan*, based on the fact that the defendant in *Lathan* included an assignment (among others) alleging that his sentence was constitutionally excessive, whereas the appellant in *Stock* did not raise any assignments regarding his original sentences which were the focus of his motion to reconsider.

7

In this case, Trotter's sole assignment of error is that the trial court erred when it imposed an excessive, 45-year sentence without benefits, in an armed robbery where no shots were fired and no bodily harm occurred. He further argues that the lack of a PSI, his youthful age, and his previous nonviolent criminal record were not considered by the court. Appellate counsel maintains that, while under *Lathan, supra*, this court may review the sentence for constitutional excessiveness, which is the second step of the two-step excessive sentence analysis, we still must remand the case for a hearing on the motion to reconsider.

After review of the record, we conclude that, unlike *Lathan, supra*, the record in this case does not show that the sentencing court adequately considered the guidelines of La. C. Cr. P. art. 894.1. Under these circumstances, our ability to review the sentence imposed in this case for constitutional excessiveness is undermined.

In *Lathan*, the defendant was convicted of manslaughter for killing a burglar in his apartment, and was sentenced to 27 years at hard labor. Prior to sentencing, the court ordered a PSI.

At the sentencing hearing, in which Lathan argued for a lenient sentence, the trial court discussed several of the circumstances of the offense. First, the court expressed its belief, as did the jury, that Lathan killed the burglar because he was angry toward the victim, a man whom he believed had burglarized his apartment before; the evidence showed that Lathan had also told others he was going to kill the victim. Nevertheless, the sentencing transcript showed that, pursuant to Art. 894.1, the court considered several mitigating factors, including Lathan's age, his first-felony status, his work history, a criminal history showing only misdemeanors that

occurred several years ago, the PSI report, the community support for Lathan and his family, and his conduct as a model prisoner while incarcerated. On the other hand, there were aggravating factors considered by the court: he manifested deliberate cruelty by shooting the victim and leaving him, and he created a risk of death or great bodily harm to others by shooting someone in a neighborhood with houses and people. The court found that there would be an undue risk that Lathan would commit another crime during a period of suspended sentence or probation; he was in need of correctional treatment or a custodial environment; and a lesser sentence would deprecate the severity of the crime.

In short, the sentencing transcript in *Lathan*, *supra*, showed that the court was cognizant of the sentencing considerations of La. C. Cr. P. art. 894.1 when it pronounced its sentence. In fact, the 27-year sentence was more lenient than that recommended by the PSI, which urged the court to impose the harshest penalty allowed by law.

The record in this case does not show that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1 in particularizing the sentence to Trotter. The court did not refer to any of the specific aggravating or mitigating circumstances listed in the article. Nor did it discuss Trotter's background, personal life, education, employment, family, or other relevant facts. Of course, we believe that this was largely due to the fact that there was no PSI which could have greatly assisted the court. Trotter asked the court to consider the fact that there was no actual violence or shooting during the incident, and the value of the property stolen was under $200. The court did not acknowledge or respond to the request, but recited Trotter's three prior convictions and, without further discussion,

9

imposed a 45-year hard labor sentence without benefits, payment of the costs of the proceedings, and a $50 fee to the Indigent Defender's Office. It then mentioned the time limit for post-conviction relief, and designated the conviction as a crime of violence. At the prosecution's request, the other charge stemming from this offense was dismissed.

Ending the proceedings, the court stated: "And just for the record, on Mr. Trotter, I considered the factors in Code of Criminal Procedure Articles 893 and 894 in arriving at a just sentence."[4]

We recognize that the court intended to refer to La. C. Cr. P. art. 894.1; however, its statement merely reflects superficial consideration of the factors in the article. While a trial court is not required to consider each and every factor or give certain weight to specific factors, the record does not reflect which factors, if any, the trial court actually considered. A defendant's prior convictions are an important consideration in sentencing. Curiously, a defendant's criminal history is not listed among the specific aggravating factors in La. C. Cr. P. art. 894.1, while his lack of a criminal history is listed as a mitigating factor in the article.

We therefore find that the record does not contain an adequate factual basis to support the sentence imposed, which is for all practical purposes a life sentence. It contains no information about Trotter, including his personal life, family, education, employment background, or any other possible mitigating or aggravating factors. As noted above, a PSI would have greatly aided the court in this regard and in sentencing Trotter. All we

---

[4] Although clearly the court intended to reference Art. 894.1 of the Code of Criminal Procedure, for the record, Art. 893 concerns suspension or deferral of sentence or probation in felony cases, while Art. 894 concerns suspension or deferral of sentences or probation in misdemeanor cases.

know about Trotter is his age at the time of the offense, 25, and his prior convictions, but we do not know the circumstances of these convictions, e.g., were they guilty pleas entered in exchange for lesser charges? Therefore, we are constrained to conclude that the sentence in this case was imposed in violation of La. C. Cr. P. art. 894.1.

Unlike the situation in *State v. Lathan, supra*, because the first prong of the two-step analysis for constitutional excessiveness of a sentence has not been satisfied in this case, we pretermit discussion of whether the sentence is constitutional. We cannot determine whether Trotter is the worst or most egregious offender worthy of a de facto life sentence without knowing the basis upon which the trial court imposed those sentences.

### *Error Patent Review*

Our review of the record disclosed that the trial court inadvertently erred when it advised Trotter that he had "two years to file for any post-conviction relief once these sentences become final." La. C. Cr. P. art. 930.8 requires that the two-year period commences when the "conviction and sentence" has become final.

### CONCLUSION

For the foregoing reasons, Trotter's 45-year sentence at hard labor is vacated, and we remand the matter to the trial court for resentencing.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**