STATE OF LOUISIANA

VERSUS

ABRAHAM AGUILAR

NO. 23-KA-33

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-4428, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

November 15, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
John J. Molaison, Jr., and Scott U. Schlegel

<u>**AFFIRMED**</u>
     **JJM**
     **RAC**
     **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Anne M. Wallis
     Christina Fisher
     John Ransone IV

COUNSEL FOR DEFENDANT/APPELLANT,
ABRAHAM AGUILAR
     Lieu T. Vo Clark

**MOLAISON, J.**

In this criminal appeal, the defendant seeks review of his sentence for sexual battery of a victim under the age of 13. For the reasons that follow, the defendant's sentence and conviction are affirmed.

## FACTS AND PROCEDURAL HISTORY

The record in this matter indicates that on August 17, 2020, 11-year-old, G.P., disclosed to her mother, M.P. that the defendant, Abraham Aguilar, her grandmother's live-in boyfriend, had sexually abused G.P. on multiple occasions. G.P. disclosed to investigating officers that on August 14, 2020, the defendant walked up behind her while she was in the kitchen of their Jefferson Parish apartment, touched her breasts over her shirt and inserted his finger into her vagina. She described another incident in January of 2020, when the defendant had rubbed her breasts over her clothing while she was standing at the top of the apartment stairwell. G.P. said that he had grabbed her breasts and digitally penetrated her vagina on multiple occasions.[1] In another incident that happened when G.P. was eight-years-old, the defendant unsuccessfully attempted to put his "private part" into G.P.'s vagina.

Based on the information provided, the defendant was taken into custody by the Jefferson Parish Sheriff's Office ("JPSO") pursuant to an arrest warrant. It was discovered that the defendant also used an alias, Cristobal Santiago Aguilar Lucero.[2] After being advised of, and waiving his rights, the defendant gave an interview with JPSO detectives. Initially, the defendant denied that any physical contact of that type took place between himself and G.P. But then he recounted one incident when G.P. was 11 years old. He stated that he went downstairs in the

---

[1] The record shows that the majority of these incidents were alleged to have occurred in a New Orleans residence, and therefore were not charged in the instant bill of information.

[2] The JPSO Crime Report, which was entered into evidence, indicates the defendant's admitted to an arrest for burglary of an inhabited dwelling under this name.

family's apartment to go outside and smoke when he saw G.P. alone in the kitchen. He stated that walked up behind her with the intention of "hugging her." The defendant then claimed that when he did so, G.P. became "ticklish" and moved in such a manner that one of his hands touched her breasts. The defendant also stated that there was a "probability" that in the same incident that his hands went into G.P.'s pants and that he touched her vagina. The defendant was asked by detectives how many other similar incidents with G.P. occurred over the 12 years he lived with her family, which could have been deemed inappropriate, to which he replied "a couple" of times and several times.

The defendant was charged in a bill of information filed on October 27, 2020, by the Jefferson Parish District Attorney's Office with one count of the sexual battery of a known juvenile that occurred between January 1, 2020, and August 18, 2020, in violation of La. R.S. 14:43.1. After initially pleading not guilty, the defendant proceeded to a jury trial on June 15, 2022, and he was found guilty as charged in a unanimous verdict. On June 30, 2022, the defendant's motion for a new trial was denied, and he was then sentenced to 40 years at hard labor without benefit of parole, probation, or suspension of sentence. This timely appeal follows.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant asserts that a 40-year sentence, as applied to him and the circumstances in this case, is unconstitutionally excessive.

## LAW AND ANALYSIS

As correctly indicated by defendant in his second assignment of error, trial counsel did not file a motion to reconsider sentence following resentencing. Pursuant to La C.Cr.P. art. 881.1(E):

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

The failure to file a written motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. *State v. Christoff*, 00-1823 (La. App. 5 Cir. 5/30/01), 788 So.2d 660, 666.[3]

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. *State v. Nguyen*, 06-969 (La. App. 5 Cir. 4/24/07), 958 So.2d 61, 64, *writ denied*, 07-1161 (La. 12/7/07), 969 So.2d 628. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. *Nguyen*, 958 So.2d at 64.

According to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. *Nguyen*, 958 So.2d at 64; *State v. Taylor*, 06-839 (La. App. 5 Cir. 3/13/07), 956 So.2d 25, 27, *writ denied*, 06-859 (La. 6/15/07), 958 So.2d 1179 (*citing State v. Lobato*, 603 So.2d 739, 751 (La.

---

[3] The defendant suggests that trial counsel's failure to file a second motion for reconsideration of sentence may have amounted to ineffective assistance. However, the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. *State v. Fairley*, 02-168 (La. App. 5 Cir. 6/26/02), 822 So.2d 812, 816, *writs denied*, 03-1427 (La. 4/23/04), 870 So.2d 290 and 08-2581 (La. 1/30/09), 999 So.2d 755. A defendant must also "show a reasonable probability that, but for counsel's error, his sentence would have been different." *Id*. After our review of the record, we find that the defendant has failed to demonstrate a reasonable probability that his sentence would have been different had trial counsel filed a second motion to reconsider sentence.

1992); *State v. Pearson*, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 655-56).

The trial court did not provide reasons for the sentence it imposed. However, in reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *State v. Allen*, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters be given any particular weight at sentencing. *State v. Tracy*, 02-227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, *writ denied*, 02-2900 (La. 4/4/03), 840 So.2d 1213. Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. *State v. Badeaux*, 01-406 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414.

At the time of the offense in the instant case, La. R.S. 14:43.1 provided:

> (2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

Accordingly, the defendant's sentence of 40 years at hard labor without benefit of parole, probation, or suspension of sentence was less than one-half of the maximum sentence that could be imposed upon his conviction.

With regard to the first factor, the nature of the crime, this Court has previously held that even a maximum sentence for sexual battery of a minor may not be excessive if a defendant exploits a position of trust to commit the crime. *State v. Badeaux*, 01-406 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414. Here, the record reflects that, at the time of his arrest, he had been a part of G.P.'s family for approximately 12 years, and was

considered to be G.P.'s "step-grandfather." In his interview with the JPSO, the defendant described himself as a father figure to G.P. and her mother. In her victim impact statement, G.P.'s mother wrote that that defendant was a trusted member of her family.

Regarding the defendant's nature and background, the record depicts one prior arrest and an active attachment at the time he was taken into custody for the instant offense. The record also contains evidence that the defendant abused G.P. in New Orleans over a span of several years and was also facing a misdemeanor charge for the sexual battery of G.P. We find that evidence of criminal history in the record generally supports the sentence imposed upon the defendant.

In considering the final factor of sentences imposed for similar crimes, we note that this Court recently compiled such a comparison for defendants convicted for violating La. R.S. 14:43.1:

. . .

> [J]urisprudence reflects that defendants sentenced for crimes where there are limited instances of abuse by the offender with no criminal record receive sentences between thirty-five and fifty-years. *See State v. Lilly*, 12-0008 (La. App. 1 Cir. 9/21/12), 111 So.3d 45, 49-50 (wherein the First Circuit affirmed a thirty-five year sentence for a fifty-seven-year old first-time felony offender convicted of sexual battery involving a single instance of abuse when he touched the victim's vagina with his fingertip while he and his wife were babysitting his wife's grandchildren); *see also State v. Dixon*, 18-79 (La. App. 5 Cir. 8/29/18), 254 So.3d 828 (wherein this Court recently found a statutory ninety-nine year sentence for sexual battery unconstitutionally excessive where the defendant, a first-time felony offender, digitally penetrated his two-year-old sister in connection with the production of child pornography. In vacating the ninety-nine year sentence for sexual battery, this Court found that a thirty-five to forty year sentence would be constitutionally reasonable).

*State v. Aguliar-Benitez*,  20-32 (La. App. 5 Cir. 12/30/20), 308 So.3d 1259, 1265-66, *writ granted*, 21-00174 (La. 5/25/21), *and rev'd*, 2021-00174 (La. 10/10/21), 332 So.3d 618. Here, the defendant's sentence falls within the 35-to-50-year range previously observed by this Court.

A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. *State v. Dorsey*, 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. In the instant matter, the record reflects the identification of the defendant by G.P. as the perpetrator of several acts of sexual battery against her over a period of years while he lived with her family as a father figure. After a review of the entire record, considering sentences imposed for similar crimes, and taking into account the fact that the defendant received less than half of the maximum sentence, we do not find that the sentence imposed was unconstitutionally excessive. More specifically, the sentence was not grossly disproportionate to the severity of the offense, nor does it shock our sense of justice.

## ERROR PATENT REVIEW

In accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990), we have reviewed the record for errors patent on the face of the record. We find none which require correction.

## DECREE

Accordingly, for the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 15, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-KA-33

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          LIEU T. VO CLARK (APPELLANT)

**MAILED**
ABRAHAM AGUILLAR #770510
(APPELLANT)
ALLEN CORRECTIONAL CENTER
3751 LAUDERDALE WOODYARD ROAD
KINDER, LA 70648

CHRISTINA FISHER (APPELLEE)
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
JOHN RANSONE IV (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053